UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal No.  5:21-cr-00334 |
| JOSE VICTOR REYNOSA | | |

**NOTICE OF PLEA AGREEMENT**
**(8 USC 1324 – Count 1 – No Fast Track)**

COMES NOW the United States of America, hereinafter referred to as "the Government," by and through its United States Attorney for the Southern District of Texas and the undersigned Assistant United States Attorney, and would respectfully show the Court that the Government and the Defendant have entered into the following plea agreement:

1. Defendant agrees to:
   a. plead guilty to Count 1 the Indictment;

   b. waive the right to appeal or "collaterally attack" the conviction and sentence after the judgment of conviction has become final, pursuant to Title 28, United States Code, Section 1291, Title 18, United States Code, Section 3742, and Title 28, United States Code, Section 2255, except that the Defendant does not waive those rights with respect to claims of ineffective assistance of counsel;

   c. make a judicial confession to the crime charged and sign a stipulation of factual statements all contained in a contemporaneously filed or previously filed "Stipulation of Fact".

2. The Government:
   a. will move to dismiss any remaining counts of the Indictment at the time of sentencing;

   b. if the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of Section 3E1.1(a) is 16 or greater, will move under Section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

   c. will recommend that the Defendant receive an additional one-level downward departure pursuant to U.S.S.G. § 5K3.1 for early disposition.

If the Defendant is not a citizen of the United States of America, a plea of guilty may result in removal from the United States, denial of citizenship and denial of admission to the United States in the future. If the Defendant is a naturalized United States citizen, a plea of guilty may result in denaturalization.

This document states the complete and only Plea Agreement between the United States of America and the Defendant, and is binding only on the parties to this Agreement, and it supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing and signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the Defendant in connection with this case, nor have any promises or threats been made in connection with this plea.

## ACKNOWLEDGMENTS:

I have read this agreement and carefully reviewed every part of it with my attorney. If I have difficulty understanding the English language, I have had a person fluent in the Spanish language interpret this agreement to me.

Date: 4-30-21     Defendant: _Approved by telephone on 4-30-21_

I am the Defendant's counsel. I have carefully reviewed every part of this agreement with the Defendant. I certify that this agreement has been translated to my client by a person fluent in the Spanish language if my client is unable to read or has difficulty understanding the English language.

Date: 4-30-21

Counsel for Defense

For the United States of America:

JENNIFER B. LOWERY
Acting United States Attorney

Aaron Petters
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 5:21-cr-00334 |
| | § |
| JOSE VICTOR REYNOSA | § |

### FACTUAL STATEMENT IN SUPPORT OF PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas and Aaron Petters, Assistant United States Attorney, and the defendant, **JOSE VICTOR REYNOSA** and the defendant's counsel, hereby stipulate as follows:

I.

If this case proceeded to trial, the United States of America would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

II.

On February 3, 2021, Jose Victor Reynosa drove a red tractor with a white trailer into a primary inspection lane at the United States Border Patrol checkpoint located on Interstate Highway 35, 29 miles north of Laredo, Texas. During his primary inspection, a service canine alerted to the presence of concealed humans, and agents sent the tractor-trailer to the secondary inspection area. At secondary inspection, agents removed the seal on the tractor doors and opened them to find 106 people hiding in the trailer. Agents performed immigration inspections and determined that all 106 were citizens of other countries with no legal status in the United States.

Jose Victor Reynosa waived his *Miranda* rights and agreed to speak to agents without an attorney. He admitted someone he knows as Juan Jose hired him to drive tractor-trailers to Laredo's

oil fields. He was going to be paid $350 for one-way trips. On February 3, 2021, Juan Jose took Reynosa to a residential area where a red tractor with a white trailer was parked. He was supposed to drive the tractor-trailer to San Antonio, drop off the trailer, and then drive another tractor back to Laredo. He didn't know exactly where he was going in San Antonio; Juan Jose was going to provide the address when he got closer.

Agents found Rodolfo Contreras-Lopez in Reynosa's trailer. He admitted to being a Mexican citizen with no legal status in the United States. His friends arranged for him to be smuggled into the United States and on to Atlanta, Georgia, in exchange for $9,000. He paid $2,700 before starting his trip. On January 21, 2021, he and nine other undocumented aliens used a boat to cross into the United States illegally. After crossing, they walked for hours before being picked up and taken to a stash house. On February 3, the stash house caretaker drove them to the tractor-trailer agents found them in. When he arrived, there were already people inside the trailer, and the tractor-trailer started moving five minutes after he got inside.

Agents also found Victor Jasso-Olvera in Reynosa's trailer. He admitted to being a Mexican citizen with no legal status in the United States. His friends arranged with a human smuggling organization to smuggle him into the United States and on to Houston, Texas, in exchange for $6,000. He had to pay $3,000 up front and the rest when he made it to Houston. On January 29, 2021, he illegally entered the United States by crossing the Rio Grande in a boat with seven other undocumented aliens. After crossing, they were taken to a stash house. On February 3, 2021, someone picked him up from a stash house and drove him to a tractor-trailer. Someone told him to get in the trailer, where there were people already hiding. He was one of the last people to get in the trailer.

Agents also found Santos Marcos-Martinez in Reynosa's trailer. He admitted to being a Mexican citizen with no legal status in the United States. His friends arranged with a human smuggling organization to smuggle him into the United States and on to Houston, Texas, in exchange for $6,000. He had to pay $3,000 up front and the rest when he arrived in Houston. On January 20, 2021, he illegally entered the United States with five other undocumented aliens by swimming across the Rio Grande. After crossing, someone picked up the group and took them to a stash house. On February 3, 2021, a man took them to the tractor-trailer. The engine was not on, and the person that drove them there told them to get inside the trailer. About twenty people got into the trailer after him. He was in the trailer for 30 minutes before the driver closed the doors, and the tractor-trailer started moving.

III.

Defendant, **JOSE VICTOR REYNOSA**, hereby confesses and judicially admits that on **February 3, 2021,** he knowingly **conspired to transport an undocumented alien within the United States**, in violation of **Title 8, United States Code, Sections 1324 (a)(1)(A)(ii) and (v)(I).**

*Defendant approved by*
**JOSE VICTOR REYNOSA**
Defendant  *Telephone on 4-30-21*

APPROVED:

JENNIFER B. LOWERY
Acting United States Attorney

By: _____
Aaron Petters
Assistant United States Attorney
Southern District of Texas
Telephone: (956) 723-6523
Email: aaron.petters@usdoj.gov

_____
Attorney for Defendant